**Electronically Filed
Intermediate Court of Appeals
30689
30-JUN-2011
08:12 AM**

NO. 30689

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CARRIE L. THRASHER, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-10-00975)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth, J.,
with Ginoza, J., concurring separately)

Defendant-Appellant Carrie L. Thrasher (Thrasher) appeals from the Judgment filed on May 25, 2010, in the District Court of the First Circuit (District Court).[1] Plaintiff-Appellee State of Hawai'i (State) charged Thrasher by complaint with operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (Supp. 2009), as a first-time offender under HRS § 291E-61(b)(1) (Supp. 2009) and/or as a highly intoxicated driver under HRS § 291E-61(b)(2) (Supp. 2009).[2]

Prior to trial, Thrasher moved to dismiss the complaint on the ground that the procedure used in issuing the penal

---

[1] The Honorable William A. Cardwell presided.

[2] Trasher was also charged with driving without a license, but that charge was subsequently dismissed upon proof of a driver's license.

summons violated Hawaiʻi Rule of Penal Procedure (HRPP) Rule 9(b)(2) (2007). The District Court denied the motion to dismiss. After a bench trial, the District Court found Thrasher guilty as charged of OVUII in violation of HRS § 291E-61(a)(1) and (a)(3), as a highly intoxicated driver under HRS § 291E-61(b)(2), and it imposed sentence. Thrasher did not challenge the sufficiency of the OVUII charge in the District Court.

On appeal, Thrasher asserts that: (1) the District Court erred in denying her motion to dismiss for violation of HRPP Rule 9(b)(2) both (a) on the merits and (b) as untimely; (2) "[t]he District Court erred in failing to *sua sponte* dismiss the [OVUII] charge for failure to include the mens rea element"; and (3) "[HRS] § 806-28 (1993)[3/] violates due process under Art. I, § 5, of the [Hawaiʻi] [C]onstitution."[4/] We affirm the District Court's Judgment.

I.

We resolve Thrasher's arguments as follows:

A.

The District Court did not err in denying Thrasher's motion to dismiss for violation of HRPP Rule 9(b)(2).[5/] The

_____

[3/] HRS § 806-28 provides in relevant part:

**Characterization of the act.** The indictment need not allege that the offense was committed or the act done "feloniously", "unlawfully", "wilfully", "knowingly", "maliciously", "with force and arms", or otherwise except where such characterization is used in the statutory definition of the offense.

[4/] Article I, Section 5 of the Hawaiʻi Constitution provides in relevant part:

Section 5. No person shall be deprived of life, liberty or property without due process of law[.]

[5/] HRPP Rule 9(b)(2) provides:

(b) Form.

. . . .

(2) SUMMONS. The summons shall be in such form as may be prescribed in the issuing court and shall

(continued...)

record reflects that the clerk of the court issued the penal summons at issue in this case to the prosecutor's office on February 4, 2010, but with the date of the required appearance left blank. Upon serving Thrasher with the penal summons on February 8, 2010, the prosecutor filled in the appearance date of February 17, 2010, and a proof of service was filed on February 10, 2010. On February 17, 2010, an attorney, "making a special appearance on behalf of the defendant for the attorney of record Earle Partington," waived Thrasher's presence and the reading of the charges and asked for a trial date in the normal course. The District Court entered a not guilty plea and set the case for trial.

In denying Thrasher's motion to dismiss, the District Court entered the following findings of fact:

FINDINGS OF FACT

The facts as found herein were stipulated to by the parties herein.

1. In this matter (as in hundreds of other cases), the original complaint was filed in this court prior to November 17, 2009, the date of the Supreme Court's decision in *State v. Wheeler*, 121 Haw. 383 (2009). That original complaint did not contain the language held by the Supreme Court to be

---

5/ (...continued)
(i) contain the name of the defendant;

(ii) describe the offense alleged in the charge;

(iii) command the defendant to appear before the court at a stated place and at a stated time, which shall be not less than 5 days from the time of service of the summons unless waived by the defendant;

(iv) contain a prohibition against personal delivery of the summons between 10:00 p.m. and 7:00 a.m. on premises not open to the public, unless a judge of the district or circuit courts permits personal delivery during those hours in writing on the summons.

(v) contain a warning to the person summoned that failure to obey the summons will render the person subject to prosecution for contempt;

(vi) state the date when issued and the court from which it is issued; and

(vii) be signed by the clerk.

necessary; that is, that the offense took place "on a public way, street, road or highway."

2. In anticipation of the dismissal of the original complaint as defective, the State, by the prosecutor's office, filed a new complaint along with a penal summons. This new complaint was filed as a new case in this court.

3. The penal summons was stamped filed by the clerk of this court and either the original or a copy returned to the prosecutor's office with the date of defendant's required appearance left blank.

4. When the original case was called for trial, this court dismissed the case without prejudice.

5. On or about the same time, the prosecutor filled in the required appearance information on the penal summons and served the complaint and penal summons on the defendant.

6. Thereafter, but prior to defendant's required appearance, the prosecutor filed the proof of service which was attached to the penal summons.

7. At the required date and time, which was February 17, 2010, defendant or her attorney appeared for arraignment and plea, entered a plea of not guilty and the case was set for trial.

8. On the day of trial, defendant filed the instant motion to dismiss alleging the penal summons to be defective and improperly filed with this court.

9. This court takes judicial notice of the undisputed fact that the above basic procedure was followed by the State and this court's office of the clerk in most, if not all, cases that were dismissed without prejudice due to the *Wheeler* decision.

The District Court denied Thrasher's motion to dismiss on alternative grounds. First, the District Court concluded that the clerk of court's stamping the penal summons as "filed" rather than "issued" before delivering it for service to the prosecutor's office did not affect whether the clerk had properly issued the summons and that "[t]he procedure followed in issuing, delivering and serving defendant with the penal summons did not prejudice the defendant's rights." Second, the District Court concluded that the motion should be denied as untimely because it was filed on the day of trial, in violation of HRPP Rule 12, which requires pretrial motions to be filed within twenty-one days after arraignment.

4

On appeal, Thrasher asserts that the District Court erred in denying his motion to dismiss because the procedure used in issuing the penal summons and designating the appearance date violated HRPP Rule 9(b)(2). In particular, Thrasher argues that the clerk of court's issuing the penal summons with the appearance date left blank and the prosecutor's filling in that date upon serving the summons violated HRPP Rule 9(b)(2).

Assuming *arguendo* that the procedure followed in issuing the penal summons and designating the appearance date was improper, we conclude that any impropriety constituted harmless error and did not warrant the dismissal of the complaint. The purpose of a penal summons is to provide the defendant with notice of the date and time the defendant must appear in court to answer to the charges filed against the defendant. Here, Thrasher was served with a penal summons and appeared in court through counsel at the designated date and time to answer the complaint that had been filed against her. Thrasher does not argue that she suffered any prejudice from the alleged violation of HRPP Rule 9(b)(2). We conclude that the alleged violation of HRPP Rule 9(b)(2) did not affect Thrasher's substantial rights and thus the District Court did not err in denying her motion to dismiss. See HRPP Rule 52(a) (1977) ("Any error, defect, or irregularity or variance which does not affect substantial rights shall be disregarded.").

Because we affirm the District Court's denial of Thrasher's motion to dismiss on the merits, we do not need to address Thrasher's claim that the District Court erred in dismissing her motion on the alternative ground that it was not timely filed.

B.

Thrasher's OVUII charge was sufficient. Because Thrasher challenges the sufficiency of the OVUII charge for the first time on appeal, we apply the liberal construction rule:

> Under the Motta/Wells post-conviction liberal construction rule, we liberally construe charges challenged for the first time on appeal. Under this approach, there is a presumption

of validity for charges challenged subsequent to a conviction. In those circumstances, this court will not reverse a conviction based upon a defective indictment or complaint unless the defendant can show prejudice or that the indictment or complaint cannot within reason be construed to charge a crime.

State v. Wheeler, 121 Hawai'i 383, 399-400, 219 P.3d 1170, 1186-87 (2009) (internal quotation marks, citations, and brackets omitted).

We conclude that even if Thrasher had objected to the sufficiency of the OVUII charge in the District Court and the liberal construction rule did not apply, the charge was not required to allege a mens rea in order to be sufficient. State v. Nesmith, No. CAAP-10-0000072 (Hawai'i App. June 22, 2011) (holding that a complaint which did not allege a mens rea was sufficient to charge the defendant with OVUII in violation of HRS § 291E-61(a)(1) and/or (a)(3), as a first-time offender under HRS § 291E-61(b)(1)). Accordingly, it necessarily follows that Thrasher's challenge to the sufficiency of the charge must fail under the liberal construction rule.

C.

We reject Thrasher's due process challenge to the constitutionality of HRS § 806-28. The Hawai'i Supreme Court has "consistently held . . . that every enactment of the legislature is presumptively constitutional, and a party challenging the statute has the burden of showing unconstitutionality beyond a reasonable doubt. Schwab v. Ariyoshi, 58 Haw. 25, 31, 564 P.2d 135, 139 (1977).

Thrasher argues that if the elements of the offense must be alleged for a charge to be sufficient, then so must the mens rea. Thrasher, however, acknowledges that prior Hawai'i case law is to the contrary, citing cases, including State v. Torres, 66 Haw. 281, 288-89, 660 P.2d 522, 527 (1983), and State v. Kane, 3 Haw. App. 450, 652 P.2d 642 (1982).

6

In <u>Torres</u>, the Hawai‘i Supreme Court considered the sufficiency of an incest charge against Torres which alleged that he "did commit an act of sexual intercourse" with his daughter. <u>Torres</u>, 66 Haw. at 283 n.1, 660 P.2d at 524 n.1.  The statute defining the incest offense did not specify a mental state and the charge did not allege a mens rea.  <u>Id.</u> at 283-85, 660 P.2d at 524-25.  The court acknowledged the prosecution's argument that the charge was not deficient because HRS § 806-28 "expressly provides that an indictment need not allege the crime was committed intentionally, knowingly, or recklessly, 'except where such characterization is used in the statutory definition of the offense.'"  <u>Id.</u> at 285, 660 P.2d at 625 (quoting HRS § 806-28). Torres, however, argued that the charge was deficient on constitutional due process grounds for failing to allege a culpable state of mind.  <u>Id.</u> at 286, 660 P.2d at 525.

The court rejected Torres's due process claim and concluded that the incest charge was sufficient, reasoning as follows:

> Our conclusion that the crime was unmistakably defined despite the lack of an explicit averment of the mental state accompanying the prohibited act rests on the nature of the offense charged and the earlier conclusion that it is not a crime that can be accidentally or innocently committed.  In some situations knowledge or intent need not be alleged in terms, and a pleading is good if it fairly imports knowledge or intent.  Incest as charged here is an offense where intent can be inferred because "sexual intercourse" under the circumstances alleged could only be a wilful act.

<u>Id.</u> at 289, 660 P.2d at 527 (internal quotation marks and citation omitted).[6]

---

[6] We note that while the court stated that intent could be inferred because sexual intercourse under the circumstances alleged "could only be a wilful act," it is possible to conceive of situations, such as where two people are unaware they are related, where acts of incest could be committed innocently or unintentionally.  Thus, it is more accurate to say that intent can inferred from the allegation that Torres engaged in incestuous sexual intercourse because incest is rarely committed innocently or unintentionally. Similarly, because driving while impaired by alcohol is rarely committed without a culpable mens rea, an intentional, knowing, or reckless state of mind can be inferred from the allegation that Tafuna operated or assumed physical control of a vehicle while impaired by alcohol.

In <u>Kane</u>, this court considered whether an indictment, which, as authorized by HRS § 806-28, did not allege a mens rea, violated Kane's constitutional rights. <u>Kane</u>, 3 Haw. App. at 451, 454-55, 652 P.2d at 644-46. We framed the issue as follows:

> While HRS § 806-28 clearly authorizes the non-allegation of the requisite state of mind in indictments brought under HRS § 134-9, we must decide whether such an indictment which takes advantage of HRS § 806-28's permissiveness nonetheless violates Kane's rights under article I, sections 10 and 14 of the Hawaii State Constitution (1978).

<u>Id.</u> at 455, 652 P.2d at 646. This court held that the indictment gave Kane sufficient notice of the offense charged and did not violate his constitutional rights. <u>Id.</u> at 455-58, 652 P.2d at 646-48. We concluded: "[T]he allegation in the indictment that Kane 'did carry on his person a pistol or revolver without a permit or license to carry a firearm' was sufficient to imply that Kane did so 'intentionally, knowingly, or recklessly.' . . . [A]n explicit allegation of Kane's state of mind was not required in the indictment." <u>Id.</u> at 458, 652 P.2d at 648.

In <u>State v. McDowell</u>, 66 Haw. 650, 650-51, 672 P.2d 554, 555 (1983), the Hawai'i Supreme Court adopted this court's opinion in <u>Kane</u> in upholding the sufficiency of an indictment that charged McDowell with possession of a sawed-off rifle. The supreme court cited HRS § 806-28 in support of its decision and rejected the claim that a mens rea allegation in the indictment was constitutionally required. <u>Id.</u> at 651, 672 P.2d 554, 555.

Based on <u>Torres</u>, <u>McDowell</u>, and <u>Kane</u>, we reject Thrasher's claim that HRS § 806-28 is unconstitutional because it violates due process. Thrasher has failed to overcome the presumption that the statute is constitutional as applied to her case.

II.

We affirm the May 25, 2010, Judgment of the District Court.

DATED:  Honolulu, Hawai'i, June 30, 2011.

On the briefs:

Earle A. Partington
(The Law Office of Earle A.
Partington)
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

9